Nicholson, C. J.,
delivered the opinion of the court.
In June, 1865, Wm. Carrol commenced an action of trespass, in the Circuit Court of Carter county, against Wm. Peoples, John Wright and others.. The writ was served on Wm. Peoples and Madison Peoples, but was returned “not found” as to the other defendants. The declaration was filed at the July term, 1866, against Wm. Peoples and Madison Peoples, in which plaintiff claims $20,000 for the burning of his house and destruction of his property. To this declaration defendants plead not guilty, and there was issue.
At the March term, 1866, John Wright, one of the defendants not served with process, appeared and produced a written release for a valuable consideration, and thereupon, at the July term, 1866, plaintiff entered a nolle prosequi as to Wright.
At the March term, 1866, plaintiff obtained a judicial attachment to issue for Wm. Peoples, Jr., and *422 D. Akard, and at July term, 1866, on motion of defendants, the cause was discontinued as to ¥m. Peoples, Jr., and D. Akard.
At November term, 1866, plaintiff had leave to amend by making Vm. Peoples, Jr., and D. Akard, defendants, and to issue process for them. •
At March term, 1867, no step was taken; and at July term, 1867, it was ordered that parties in all civil litigated causes have time to declare and plead.
At November term, 1867, by agreement of the bar’, all litigated causes were continued.
At March term, 1868, defendant offered to file a plea of accord and satisfaction, which was. ordered by the court to be continued for further consideration— the cause being continued by consent.
At the July and November terms, 1868, and the-March term, 1869, the cause was continued by consent, and at July term, 1869, there was no court.
At November term$ 1869, plaintiff was ruled to give better security.
At the March term, 1870, the motion for leave to file the plea of accord and satisfaction made at the March term, 1868, was overruled, and á bill of exceptions taken. The bill of exceptions sets out the-plea, which states that since the commencement of the suit one of the defendants, John Wright, paid to the plaintiff $130, etc., in full satisfaction of his damages-sustained by reason of the wrongs, etc.
This plea had been on file since March, 1868., Defendant’s attorney filed an affidavit, stating that defendant Wm. Peoples was a non-resident; that the- *423 facts stated in the plea were true; and that it was-offered . to be filed at the first term after the facts-came to his knowledge or that of defendant, as he-believes, and that the plea is material to his defense. The court being of opinion that the plea was not-offered to be filed in due time, and that no sufficient excuse for failure to file it at an earlier day is given,, refused to allow it to be filed.
At the July and November terms, 1870, all causes were continued by the court; and at March term,. 1871, the cause was tried, and a verdict rendered for the plaintiff for $1,400. After a motion for a new trial was overruled, defendant tendered his bill of exceptions and appealed in error to this court.
- The only error relied on by defendant for reversal which we deem it necessary to consider, is the refusal of the Circuit Judge to allow the plea of accord and satisfaction to be filed. The reasons for the refusal as stated in the record, were, that the plea was not offered in due time, and that no sufficient excuse was given for the delay. By sec. 2892, either party, by leave of the court and on good cause shown, may make a supplemental pleading, alleging any material facts which have happened or have come to his knowledge since the filing of the former pleading. On showing good cause, the court cannot refuse such supplemental pleading without an abuse of its discretion.
Showing good cause implies both material facts that have happened or come to his knowledge since the former pleading, and a reasonable excuse for any ap *424 parent delay in offering the supplemental pleading. The fact offered to be pleaded was, that after the institution of the suit the plaintiff had, for a sufficient consideration, released one of the defendants who was •originally sued as a joint trespasser with defendant Peoples. The materiality of this fact, as bearing upon the release of defendant Peoples, is obvious.
But does the defendant furnish a reasonable excuse for his delay in offering the plea? The affidavit states that the plea was offered at the first term after the fact came to the knowledge of defendant and his counsel. But it is said that the fact that the plaintiff had released one of the defendants appeared of record as early as March, 1866, and as defendant was in court all the time by his attorney, the presumption is that he had notice. This is but a presumption, however, and subject to be rebutted. The statute contemplates actual knowledge of the facts on the part of the defendant, and not merely constructive notice. The affidavit fully rebuts the presumption, 'and shows that the plea was offered at the first term after knowledge was obtained.
The history of the proceedings in the case, which we have given from the record, shows that down to March, 1868, -when the plea was offered, the cause had either never been ready for trial or had been uniformly continued by consent. Plaintiff had not been delayed, as far as the record shows, by any action on the part of the defendant; and when the plea was offered in March, 1868, the court postponed its consideration, not on the application of defendant, *425 but upon the mere motion of the court. From that time until March, 1870, the defendant made no application for delay, but the causes on the docket seem to have been continued all the time, either by consent or for want of a court. It is therefore apparent that the plaintiff suffered no injury by any delay produced by the defendant.
¥e are, therefore, of opinion that the court erred in refusing the filing of the plea, and for this error the judgment is reversed and the cause remanded, with leave to file the plea.